IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAWN NORWOOD,

        Plaintiff,    :    Case No. 3:15-cv-140

                District Judge Thomas M. Rose
- vs -                Magistrate Judge Michael R. Merz

ELIZABETH STEARNS. et al.,

        Defendants.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion of the United States of America to Dismiss (Doc. No. 4). Plaintiff was notified of her obligation to respond, but has failed to do so within the time allowed by law.

Plaintiff brought this case against Defendants Elizabeth Stearns, Dale Willis, and Crystal Garnes in the Small Claims Division of the Dayton Municipal Court seeking damages in the amount of $2,999.15. Plaintiff alleges Defendant Garnes "stalked" her by calling her Dayton doctor and discussing Ms. Norwood's patient information (Doc. No. 1, PageID 5).

The United States of America removed the case to this Court with the certificate of the United States Attorney that Defendants Stearns (properly spelled Sterns) and Willis were employees of the United States acting within the scope of their employment in any interactions

1

they have had with the Plaintiff (Notice of Removal, Doc. No. 1).  The United States was thereupon properly substituted as party Defendant for Sterns and Willis (Doc. No. 2).

The United States moves for dismissal on the basis that this Court lacks subject matter jurisdiction over this case because Plaintiff has not exhausted her available administrative remedies by filing a claim under the Federal Tort Claims Act.  Plaintiff does not dispute this assertion.

Because the United States is the sovereign, it cannot be sued without its consent. *Hercules, Inc., v. United States*, 516 U.S. 417 (1996); *Lehman v. Nakshian*, 453 U.S. 156 (1981). A plaintiff must identify a waiver of sovereign immunity in order to proceed. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000), *citing Dalehite v. United States*, 346 U.S. 15, 30 (1953).  A waiver of sovereign immunity must be unequivocally expressed in statutory text. *FAA v. Cooper*, 566 U.S. ___, 2012 U.S. LEXIS 2539 (Mar. 28, 2012), citing, e.g., *Lane v. Pena*, 518 U.S. 187 (1996).  Any ambiguities are to be construed in favor of immunity.  *United States v. Williams*, 514 U.S. 527 (1995).

Because the waiver of sovereign immunity by the United States for the torts of its employees is exclusively under the Federal Tort Claims Act and Plaintiff has not satisfied the prerequisites for suit under that Act, the case should be dismissed without prejudice for  lack of jurisdiction as to Defendants Sterns and Willis and remanded to the Dayton Municipal Court as to Defendant Garnes.

May 22, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).